IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

LIBERTY MUTUAL INSURANCE COMPANY and
LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Plaintiffs,

v.

GARAN LUCOW MILLER, PROFESSIONAL
CORPORATION, a Michigan professional corporation,
and M. SEAN FOSMIRE, an individual,

    Defendants.

CASE NO.  2:17-CV-00120-JTN-TPG

HON. JANET T. NEFF

---

| | |
|---|---|
| Edward G. Lennon (P42278)<br>LENNON LAW, PLLC<br>Attorney for Plaintiff<br>355 S. Old Woodward, Ste. 100<br>Birmingham, MI 48009<br>248-723-1276 | John R. Oostema (P26891)<br>E. Thomas McCarthy, Jr. (P28714)<br>Jeffrey S. Dornbos (P74514)<br>SMITH HAUGHEY RICE & ROEGGE<br>Attorneys for Defendants<br>100 Monroe Center NW<br>Grand Rapids, MI 49503-2802<br>616-774-8000 |

---

## DEFENDANTS' ANSWER TO COMPLAINT

NOW COME the Defendants, Garan Lucow Miller, PC and M. Sean Fosmire (collectively "the Garan Lucow Defendants"), by and through their attorneys, Smith Haughey Rice & Roegge, and answer the Plaintiffs' Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Liberty Mutual Insurance Company is incorporated under the laws of, and has a principal place of business in, the Commonwealth of Massachusetts.

    **ANSWER:**    **Because the Garan Lucow Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations**

contained in this paragraph of the Complaint, they neither admit nor deny them, and therefore deny them.

2. Plaintiff Liberty Mutual Fire Insurance Company is incorporated under the laws of the State of Wisconsin and has a principal place of business in the Commonwealth of Massachusetts. (Collectively Plaintiffs will be referred to as "Liberty Mutual").

**ANSWER:** **Because the Garan Lucow Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, they neither admit nor deny them, and thus deny them.**

3. Defendant Garan Lucow Miller, Professional Corporation ("Firm"), a law firm, is incorporated as a professional service corporation under the laws of the State of Michigan and has a principal place of business located in the City of Detroit, Wayne County, Michigan. Firm conducts business in the Western District of Michigan.

**ANSWER:** **The Garan Lucow Defendants admit the allegations in this paragraph of the Complaint.**

4. Defendant M. Sean Fosmire ("Fosmire") is an attorney who, upon information and belief, is a resident and citizen of the State of Michigan and who conducts business in the Western District of Michigan. At all relevant times, Fosmire was associated with Firm, which is responsible for the acts of malpractice of Fosmire alleged herein under the principals of agency, vicarious liability and respondent superior.

**ANSWER:** **The Garan Lucow Defendants admit that Defendant M. Sean Fosmire ("Defendants Fosmire") is a resident of Michigan and an attorney who practices in the Western District of Michigan. The Garon Lucow Defendants further admit that Defendant Fosmire was employed by Defendant Garan Lucow Miller, PC from July 1, 1999 until March 15, 2017. To the extent there are remaining allegations in this paragraph that call for legal conclusions which the Garan Lucow Defendants are not required to make, they provide no answer, and thus deny them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4142317.v1

5. The amount in controversy, exclusive of interest and costs, exceeds $75,000. This Court has jurisdiction over this matter pursuant to 28 USC 1332.

**ANSWER:** **Since the allegations in this paragraph call for legal conclusions which the Garan Lucow Defendants are not required to make, they provide no answer, and thus they deny them. To the extent a further answer may be deemed necessary, the Garan Lucow Defendants admit that Plaintiffs are alleging that the amount in controversy exceeds $75,000, but deny as untrue that the Plaintiffs are entitled to any recovery in any amount.**

6. This matter arises out of underlying litigation that was litigated in Schoolcraft County, Michigan. Venue is appropriate in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b)(2), and this case is properly assigned to the Norther [sic] Division pursuant to W. D. Mich. LCivR 3.2.

**ANSWER:** **The Garan Lucow Defendants admit that the claims in this case concern certain litigation at one time pending in Schoolcraft County, Michigan ("the Underlying Litigation" or "the *Swayer* case"). The remaining allegations in this paragraph, however, call for legal conclusions which the Garan Lucow Defendants are not required to make, so the Garan Lucow Defendants provide no further answer, and thus deny them.**

**SWAYER'S ALLEGED PURCHASE OF A CUNA POLICY AND THE 1992 ACCIDENT**

7. Francis Swayer ("Swayer") claimed that he purchased a policy of Michigan auto insurance through CUNA Mutual ("CUNA") in the 1990s through his credit union, Limestone Federal Credit Union.

**ANSWER:** **The Complaint in the Underlying Litigation is the best evidence of Swayer's allegations in that proceeding, and speaks for itself. Because the Garan Lucow Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Swayer asserted in the Underlying Litigation generally, or more particularly described in this paragraph of the Complaint, the Garan Lucow Defendants neither admit nor deny them, and thus deny them.**

8. Swayer was injured in an automobile accident in 1992 and again in 1996.

    **ANSWER:** **On information and belief, the Garan Lucow Defendants admit the allegations in this paragraph of the Complaint based upon the allegations made by and testimony of Swayer in the Underlying Litigation.**

9. Swayer claimed that he was a policy holder with CUNA at the time of his 1992 auto accident but was never able to produce a copy of the insurance policy he allegedly purchased with CUNA or a CUNA claim number for the 1992 accident.

    **ANSWER:** **The Garan Lucow Defendants admit (i) that Swayer claimed in the Underlying Litigation that he had a CUNA Policy in 1992, (ii) that Swayer was not able to produce a copy of the CUNA Policy having filed suit 19 years after the 1992 accident, and (iii) that Swayer did not produce a CUNA claim number for the 1992 accident. By way of further Answer, the Garan Lucow Defendants state that, during the course of the defense of the Underlying Litigation, (i) Defendant Fosmire did find corroboration for Swayer's claim that he had a CUNA Policy and (ii) that, though it knew of their existence but never provided them to the Garan Lucow Defendants, Liberty Mutual Fire Insurance Company had documents in its possession that would have proved or disproved Swayer's coverage claim.**

## UNDERLYING LAWSUIT

10. Although Swayer alleged he was involved in an auto accident in 1992, he waited until April 9, 2012, to file <u>Frances Swayer v Liberty Mutual Fire Insurance Company</u>, Schoolcraft County (Michigan) Circuit Court case no. 12-4523-NF (the "Underlying Lawsuit").

    **ANSWER:** **On information and belief, the Garan Lucow Defendants admit that the Underlying Litigation was filed on or about April 10, 2012. Because the Garan Lucow Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of the Complaint, the Garan Lucow Defendants neither admit nor deny them, and thus deny them.**

11. Beginning in [sic] or about June, 2012, Defendants represented Liberty Mutual in the Underlying Lawsuit, and Defendants represented Liberty Mutual from that time through at least early September, 2015.

> **ANSWER:** **The Garan Lucow Defendants admit that, for a certain period of time, they were retained by Liberty Mutual Fire Insurance Company to represent it in the Underlying Litigation, and that they did so in compliance with the standard of practice for attorneys practicing within the State under like or similar circumstances.**

12. In the Underlying Lawsuit, Swayer claimed that he was entitled to no-fault benefits through an auto insurance policy which he obtained from CUNA in the early 1990s, and that Liberty Mutual had assumed liability for paying all benefits under that policy.

> **ANSWER:** **The Complaint in the Underlying Litigation is the best evidence of Swayer's allegations in that proceeding, and speaks for itself, though the Garan Lucow Defendants do admit generally (i) that Swayer maintained in the Underlying Litigation that Liberty Mutual Fire Insurance Company owed certain first-party benefits as a consequence of certain underlying events and (ii) that, during the pendency of the Underlying Litigation, Liberty Mutual Fire Insurance Company had in its possession documents that would have either proved or disproved Swayer's coverage claim, but refused to provide that information or those documents to the Garan Lucow Defendants. As to any remaining allegations, the Garan Lucow Defendants, for lack of knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, neither admit nor deny them, and thus deny them.**

13. During the entire pendency of their Underlying Lawsuit, Swayer never produced any evidence indicating that he (i) purchased a policy of insurance from CUNA that provided coverage for his 1992 automobile accident, or (ii) that Liberty Mutual had assumed any liabilities arising out of any such alleged policy.

> **ANSWER:** **The Garan Lucow Defendants deny as untrue the allegations in this paragraph of the Complaint in the manner and form alleged.**

14. Liberty Mutual was unable to locate any records concerning or addressing the auto insurance policy allegedly purchased by Swayer from CUNA and which would require Liberty Mutual to provide coverage for any no-fault benefits arising out of Swayer's 1992 accident.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation
SHRR\4142317.v1

>    ANSWER: **The Garan Lucow Defendants deny as untrue the allegations in this paragraph of the Complaint. By way of further answer, however, the Garan Lucow Defendants state that, after months of stonewalling Swayer, the Court and the Garan Lucow Defendants, Liberty Mutual disclosed to Defendant Fosmire in June, 2014 (just a few days before a certain court hearing on Swayer's sanctions motion) (i) that it had located the transaction documents between CUNA Mutual and Liberty Mutual, but refused to disclose those documents as it was otherwise required to do, and (ii) that it had located the CUNA Mutual claims files on microfiche, but had no intention of reviewing them to assist the Garan Lucow Defendants in the defense of the Underlying Litigation.**

15. Given Liberty Mutual's inability to find any records indicating that it had assumed liability arising out of the CUNA policy allegedly purchased by Swayer, Liberty Mutual's books and records indicated that it was not obligated to pay no-fault benefits to or on behalf of Swayer.

>    ANSWER: **The Garan Lucow Defendants deny as untrue the allegations in this paragraph of the Complaint. By way of further answer, however, the Garan Lucow Defendants state that, after months of stonewalling Swayer, the Court and the Garan Lucow Defendants, Liberty Mutual disclosed to Defendant Fosmire in June, 2014 (just a few days before a certain court hearing on Swayer's sanctions motion) (i) that it had located the transaction documents between CUNA Mutual and Liberty Mutual, but refused to disclose those documents as it was otherwise required to do and (ii) that it had located the CUNA Mutual claims files on microfiche, but had no intention of reviewing them to assist the Garan Lucow Defendants in the defense of the Underlying Litigation.**

16. Fosmire never advised Liberty Mutual that Swayer had the burden of establishing that Liberty Mutual was obligated to pay no-fault benefits to or on behalf of Swayer.

>    ANSWER: **Though the Garan Lucow Defendants state that there were certain discussions between Liberty Mutual Fire Insurance Company representatives and the Garan Lucow Defendants at certain points in time during the Underlying Litigation regarding first-party no-fault benefits claims and the burden of proof in such cases and that the Liberty Mutual Fire Insurance Company representatives demonstrated that they were familiar with those concepts, and further, that Liberty Mutual Fire Insurance Company was well aware of those issues, and had multiple attorneys reviewing the Garan Lucow Defendants client representation file for the Underlying**

-6-

> Litigation who knew or should have been aware of the burden of proof argument, the Garan Lucow Defendants deny as untrue the remainder of the allegations in this paragraph of the Complaint.

17. Fosmire never advised Liberty Mutual that the absence of records at Liberty Mutual established that Liberty Mutual was not obligated to pay no-fault benefits to or on behalf of Swayers.

> **ANSWER:** Since the allegations in this paragraph of the Complaint are premised on two equally erroneous assumptions – (i) that Liberty Mutual Fire Insurance Company did not have certain records and that, even if it didn't, (ii) the absence of certain records defeated an obligation to provide first party benefits -- the Garan Lucow Defendants deny as untrue the allegations in this paragraph of the Complaint.

18. During the Underlying Lawsuit, Swayer's lawyer put Fosmire on the defensive, requesting through discovery evidence of Liberty Mutual's purchase of CUNA's book of business and evidence that Liberty Mutual was obligated to pay any no-fault benefits arising out of the auto insurance policy allegedly purchased from CUNA by Swayer.

> **ANSWER:** Though the Garan Lucow Defendants admit that, during their representation in the Underlying Litigation, the parties to that litigation engaged in certain pre-trial discovery processes, which discovery speaks for itself, they deny as untrue the remainder of the allegations in this paragraph of the Complaint.

19. Based on Liberty Mutual's inability to find any records related to the CUNA policy allegedly purchased by Swayer, Liberty Mutual was subject to discovery sanctions, and a discovery sanctions hearing took place in the Underlying Lawsuit on June 5, 2014.

> **ANSWER:** Though the Garan Lucow Defendants deny as untrue that Liberty Mutual Fire Insurance Company could not find "any records related to the CUNA policy allegedly purchased by Swayer" and that it was sanctioned *because* of its "inability to find any records," the Garan Lucow Defendants do admit that, at a certain point in time, a hearing was set in the Underlying Litigation to address a certain discovery sanction motion filed by Swayer.

20. In advance of a June 5, 2014 discovery sanctions hearing, Fosmire advised Liberty Mutual that it should stipulate that Liberty Mutual is responsible for any no-fault benefits properly payable under the CUNA policy allegedly purchased by Swayer and which would provide coverage for Swayer's 1992 auto accident.

> **ANSWER:** **The Garan Lucow Defendants deny as untrue the allegations in this paragraph of the Plaintiffs' Complaint.**

21. At the June 5, 2014 discovery sanctions hearing, on behalf of Liberty Mutual, Fosmire stipulated that Liberty Mutual was responsible for any no-fault benefits properly payable in connection with Swayer's 1992 auto accident.

> **ANSWER:** **Though the Garan Lucow Defendants admit a certain sanctions motion was filed by Swayer in the Underlying Litigation which was set for hearing on June 5, 2014, they deny as untrue the remainder of the allegations in this paragraph of the Complaint.**

22. Pursuant to Fosmire's stipulation, on June 19, 2014, the Court entered an order providing in part: It is ordered Liberty Mutual Fire Insurance Company shall be responsible to provide Michigan No Fault Insurance benefits for and on behalf of the Plaintiff Francis Swayer allowed under the Michigan No Fault Insurance Statute MCL 500.3103 et seq. that he may establish arising out of injuries sustained in the 16 October, 1992, motor vehicle accident giving rise to this lawsuit.

> **ANSWER:** **Though the Garan Lucow Defendants admit that, on June 19, 2014, the Court in the Underlying Litigation entered a certain Order entitled "Order Regarding Liberty Mutual Fire Insurance Company's Responsibility to Provide Michigan No-Fault Insurance Benefits for Francis Swayer," which Order speaks for itself, they deny as untrue that the allegations in this paragraph of the Complaint accurately or completely reflect the contents of that Order.**

23. Case Evaluation in the Underlying Lawsuit took place, and the Case Evaluation award was $50,000 in favor of Swayer against Liberty Mutual.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4142317.v1

ANSWER: The Garan Lucow Defendants admit that there was a Case Evaluation in the Underlying Case and that the Case Evaluation Panel entered an award in Swayer's favor against Liberty Mutual Fire Insurance Company for a certain amount.

24. Based on Fosmire's recommendation, Liberty Mutual rejected the Case Evaluation award.

ANSWER: The allegations in this paragraph of the Complaint are denied as untrue, though the Garan Lucow Defendants do admit that Liberty Mutual Fire Insurance Company instructed Defendant Fosmire to reject the referenced Case Evaluation award in the Underlying Litigation.

25. The Underlying Lawsuit proceeded to a bench trial on December 8 and 9, 2014. Fosmire represented Liberty Mutual at the bench trial.

ANSWER: The Garan Lucow Defendants admit that there was a trial in the Underlying Litigation on December 8 and 9, 2014, and that Defendant Fosmire appeared for Liberty Mutual Fire Insurance Company at that trial.

26. After the bench trial, the parties were instructed to submit post-trial briefs to the Judge presiding over the Underlying Lawsuit.

ANSWER: The Garan Lucow Defendants admit the allegations in this paragraph of the Complaint.

27. Fosmire submitted a post-trial brief on behalf of Liberty Mutual. In that brief, in violation of MCR (Michigan Court Rule) 2.403(N)(4), Fosmire disclosed to the Court the Case Evaluation award.

ANSWER: The Garan Lucow Defendants admit that a certain post-trial Brief was submitted at a certain point in time by Defendant Fosmire in the Underlying Litigation, which submission speaks for itself and requires no further answer, and that the referenced Brief mentioned the subject of Case Evaluation. To the extent that the remainder of the allegations call for legal conclusions that the Garan Lucow Defendants are not required to make, they provide no answer, and thus deny them.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4142317.v1

28. As a result of Fosmire's improper disclosure of the Case Evaluation award, Swayer moved for a mistrial, which motion was granted by the Court.

> **ANSWER:** **Though the Garan Lucow Defendants admit that, at a certain point in time, Swayer filed a certain post-trial submission in the Underlying Litigation, which submission speaks for itself and requires no further answer, they deny as untrue the remainder of the allegations in this paragraph of the Complaint.**

29. As a result of the granting of the mistrial, in addition to exposure on Swayer's claim for no-fault benefits, Liberty Mutual was also exposed to claims for sanctions as a result of the mistrial.

> **ANSWER:** **The Garan Lucow Defendants deny as untrue the allegations in this paragraph of the Complaint, though they do admit that, at a certain point in time in the Underlying Litigation, the trial court did impose certain sanctions, which sanctions were later addressed and satisfied without any cost to Liberty Mutual Fire Insurance Company.**

30. Following the granting of the mistrial, a new trial was scheduled to take place on November 16, 2015.

> **ANSWER:** **The Garan Lucow Defendants admit that, at a certain point in time, the trial court in the Underlying Litigation scheduled the *Swayer* case for a second trial.**

31. Given Fosmire's wholly substandard performance up to that point in time, Liberty Mutual terminated the representation of Defendants in the Underlying Lawsuit, and Liberty Mutual hired successor counsel to represent Liberty Mutual in the Underlying Lawsuit.

> **ANSWER:** **While the Garan Lucow Defendants deny as untrue any allegation, suggestion or inference that they failed to exercise reasonable care in providing the legal services that they provided to Liberty Mutual Fire Insurance Company in the Underlying Litigation, they do admit that, at a certain point in time, Liberty Mutual Fire Insurance Company made arrangements for other counsel to assume responsibility for its defense in the *Swayer* case.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4142317.v1

32. Through successor counsel, Liberty Mutual entered into a settlement with Swayer, and a No-Fault Release and Settlement Agreement was signed by Swayer on December 17, 2015 (the "Agreement").

**ANSWER:** Because the Garan Lucow Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, they neither admit nor deny them, and thus deny them.

33. Under the Agreement: (a) Liberty Mutual paid Swayer $850,000; (b) Swayer released Liberty Mutual from any claims for attendant care benefits, medical expenses, medical mileage expenses, prescription expenses, medical transportation expenses, attorney fees and interest, and all other allowable expenses for the 1992 accident and incurred through November 12, 2015; (c) Swayer released Liberty Mutual from and further claims for vehicle/van handicapped modifications and wheelchair power lift claims for a period of seven years from November 12, 2015; (d) Swayer released Liberty Mutual from any further claims for home and garage modifications for a period of ten years from November 12, 2015; and (e) Liberty Mutual agreed to provide after November 12, 2015 no-fault benefits for allowable expenses arising out of Swayer's 1992 accident.

**ANSWER:** Because the Garan Lucow Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, they neither admit nor deny them, and thus deny them.

**LIBERTY MUTUAL'S REIMBURSEMENT CLAIM TO MCCA IS DENIED**

34. During the Underlying Lawsuit, Liberty Mutual made the Michigan Catastrophic Claims Association ("MCCA") aware of the Underlying Lawsuit and Swayer's claim for no-fault benefits.

**ANSWER:** Because the Garan Lucow Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4142317.v1

> contained in this paragraph of the Complaint, they neither admit nor deny them, and thus deny them.

35. Eventually, in anticipation of a settlement with Swayer, Liberty Mutual made a claim for reimbursement with the MCCA.

> **ANSWER:** Because the Garan Lucow Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, they neither admit nor deny them, and thus deny them.

36. Ultimately, the MCCA's position was and is that Liberty Mutual would be entitled to reimbursement for certain expenses paid to or on behalf of Swayer if (i) Liberty Mutual established that there was a CUNA/Liberty Mutual auto insurance policy issued to Swayer that provided for coverage of the no-fault benefits sought by Swayer in connection with the 1992 accident and (ii) CUNA and/or Liberty Mutual paid an assessment to the MCCA on that policy.

> **ANSWER:** Because the Garan Lucow Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, they neither admit nor deny them, and thus deny them.

37. As a result of the MCCA conditions, Liberty Mutual has not obtained reimbursement of any no-fault expenses paid to or on behalf of Swayer.

> **ANSWER:** Because the Garan Lucow Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, they neither admit nor deny them, and thus deny them.

## **LEGAL MALPRACTICE**

38. As the attorneys for Liberty Mutual in the Underlying Lawsuit, Defendants owed Liberty Mutual the duty to recognize established rules of law and the duty to do that which attorneys of ordinary learning, judgment or skill would or would not do under the same or similar circumstances.

> **ANSWER:** **Since the allegations in this paragraph of the Complaint call for legal conclusions which the Garan Lucow Defendants are not required to make, they provide no answer, and thus deny them. By way of further answer, however, the Garan Lucow Defendants deny as untrue any allegation, suggestion or inference that the legal services they provided to Liberty Mutual Fire Insurance Company in Underlying Litigation failed to meet or exceed that of lawyers of ordinary prudence under the same or similar circumstances.**

39.  Defendants breached duties owed to Liberty Mutual and committed legal malpractice in their representation of Liberty Mutual in the Underlying Lawsuit in at least the following ways:

> a.  failing to advise Liberty Mutual that Swayer had the burden of establishing that he was entitled to no-fault benefits from Liberty Mutual arising out of the 1992 accident;
>
> b.  failing to properly respond to discovery requests, exposing Liberty Mutual to discovery sanctions;
>
> c.  failing to take affirmative steps — such as preparing and filing a counterclaim for declaratory relief or a motion for summary disposition with appropriate support — to force Swayer to meet his burden of establishing that Liberty Mutual was obligated to pay no-fault benefits for the 1992 accident under any auto insurance policy allegedly purchased by Swayer from CUNA;
>
> d.  failing to initiate any discovery designed to force Swayer to comply with his burden to establish that Liberty Mutual was obligated to pay no-fault benefits to or on behalf of Swayer;
>
> e.  advising Liberty Mutual that it should stipulate that it is responsible for any no-fault benefits that are properly payable under the auto insurance policy allegedly purchased by Swayer from CUNA;
>
> f.  disclosing the Case Evaluation award in the post-trial brief submitted in the Underlying Lawsuit; and
>
> g.  engaging in other acts of malpractice that may be ascertained during discovery in this matter.

> **ANSWER:** **The Garan Lucow Defendants deny as untrue the allegations in this paragraph of the Complaint.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4142317.v1

40. But for the acts of malpractice alleged above, Liberty Mutual would have been successful in the Underlying Lawsuit, and it would not have been obligated to pay any no-fault benefits to or on behalf of Swayer.

> **ANSWER:** **The Garan Lucow Defendants deny as untrue the allegations in this paragraph of the Complaint and, in particular, deny as untrue any allegation, suggestion or inference that they failed to exercise reasonable care in providing the legal services that they provided to Liberty Mutual Fire Insurance Company in the Underlying Litigation.**

41. As a direct and proximate result of Defendants' legal malpractice set forth above, Liberty Mutual has incurred at least the following damages: (a) $850,000 it paid to Swayer under the Agreement; (b) future no-fault benefits that it will pay to Swayer under the Agreement; (c) attorney fees and costs paid to Firm to represent it in the Underlying Lawsuit and, specifically, the December 8 and 9, 2014 trial that was declared a mistrial as a result of Defendants' misconduct; (d) attorney fees and costs incurred in paying successor counsel to negotiate a resolution of the Underlying Lawsuit after Liberty Mutual had been put in a damaged position as a result of Defendants' acts of malpractice; and (e) loss of reimbursement from the MCCA of any monies paid to or for the benefit of Swayer.

> **ANSWER:** **The Garan Lucow Defendants deny as untrue the allegations in this paragraph of the Complaint.**

42. Liberty Mutual's most current estimate of the amount of past and future no-fault benefits it will pay to Swayer is approximately $3 million.

> **ANSWER:** **For lack of knowledge or information sufficient to support a belief with respect to the truth or falsity of the allegations in this paragraph of the Complaint, the Garan Lucow Defendants neither admit nor deny them, and thus deny them.**

WHEREFORE, the Garan Lucow Defendants respectfully request entry of a judgment of no cause of action on the Plaintiff's claims, and such further relief as may be granted by this Court.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4142317.v1

| | |
|---|---|
| DATED: October 9, 2017 | /s/ John R. Oostema |
| | E. Thomas McCarthy, Jr. (P28714) |
| | John R. Oostema (P26891) |
| | Jeffrey S. Dornbos (P74514) |
| | SMITH HAUGHEY RICE & ROEGGE |
| | Attorneys for Defendants |
| | 100 Monroe Center NW |
| | Grand Rapids, MI 49503-2802 |
| | 616-774-8000 |

**DEFENDANTS' AFFIRMATIVE DEFENSES**

NOW COME the Garan Lucow Defendants, by their attorneys, Smith Haughey Rice & Roegge, and hereby each assert the following affirmative defenses:

1.Plaintiffs' claims, either in whole or in part, fail to state a claim upon which relief can be granted.

2.Plaintiffs' claims, either in whole or in part, are barred or precluded because the Garan Lucow Defendants legal services rendered in the Underlying Litigation met or exceeded the applicable standard of practice for an average practitioner of the law under the same or similar circumstances.

3.Plaintiffs' claims, either in whole or in part, fail because either or both of them will not be able to establish (i) an attorney-client relationship, (ii) duty, (iii) breach, (iv) causation or (v) damage.

4.Plaintiffs' claims, either in whole or in part, are barred or precluded by operation of judgmental immunity, good faith advice or the attorney judgment rule defense because their claims challenge judgments that the Garan Lucow Defendants made about or in connection with the legal services they provided to Liberty Mutual Fire Insurance Company in the Underlying Litigation.

5.Plaintiffs' claims, either in whole or in part, are or may be barred or precluded by Plaintiffs' own comparative fault, contributory negligence or assumption of the risk in failing to act as reasonably prudent client would have acted under the same or similar circumstances, including the failure of Liberty Mutual Fire Insurance Company's in-house counsel to follow the standards of practice as would be required of in-house counsel under like or similar circumstances in advising Liberty Mutual Fire Insurance Company about issues related to the

SHRR\4142317.v1

Underlying Litigation, thereby proximately causing their own current predicament. Among other things, and without limitation, the Plaintiffs (i) failed to follow the advice provided by the Garan Lucow Defendants, (ii) failed to timely or diligently search its records for information and documents necessary to the defense of Liberty Mutual Fire Insurance Company in the Underlying Litigation, (iii) failed to timely or diligently respond to the Garan Lucow Defendants' requests for information and documents necessary to the defense of the Underlying Litigation, (iv) failed to provide the Garan Lucow Defendants with the information and records that it did have regarding either the purchase of CUNA Mutual's "book of business" or CUNA Mutual's claims files/records, or both, and (v) otherwise failed to act as a reasonably prudent client would have acted under the same or similar circumstances.  And, in connection with their comparative fault exposure, Plaintiffs are responsible and legally accountable for the acts or omissions of their agents, employees, in-house attorneys and/or attorneys, which was the proximate cause of Liberty Mutual Fire Insurance Company's claimed damages.

6. Plaintiffs' claims, either in whole or in part, are barred or precluded because the Plaintiffs are or may be estopped from advancing certain of the positions they now assert due to their own earlier statements or conduct (i) in the Underlying Litigation, (ii) communications with the Garan Lucow Defendants or others, or (iii) in other proceedings or circumstances.

7. Plaintiffs' claims, either in whole or in part, are or may be barred or precluded because they are or may be estopped from advancing positions in this case that are different from the positions they chose to advance or may advance in the future in connection with their communications with or litigation against the Michigan Catastrophic Claims Association ("MCCA").

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4142317.v1

8. Plaintiffs' claims, either in whole or in part, are or may be barred or precluded by (i) the "actual harm" rule, (ii) the "benefits" rule, and/or (iii) the "speculation" rule.

9. While not admitting any of the allegations set forth in Plaintiffs' Complaint, Plaintiff's claims are barred or may be barred, in whole or in part, by an intervening cause of Plaintiffs' claimed damages.

10. While not admitting any of the allegations set forth in Plaintiffs' Complaint, the Garan Lucow Defendants affirmatively state that the damages alleged in the Complaint were or may have been proximately contributed to or caused in whole or in part by the actions, fault, or conduct of others, not the Garan Lucow Defendants.

11. Plaintiffs' claims, in whole or in part, are or may time-barred either (i) because of the doctrine of laches or (ii) because they are barred by the statute of limitations (either the two-year rule or the 6-month discovery rule, or both) or the recently-enacted 6-year statute of repose.

12. Plaintiffs' claims, either in whole or in part, are or may be barred or precluded by Plaintiffs assumption of the risk for the damages they seek.

13. Plaintiffs' claims, either in whole or in part, are or may be barred by Plaintiffs' failure to mitigate their damages.

14. Plaintiffs' claims, either in whole or in part, are or may be barred or precluded because Plaintiffs' Complaint alleges acts or omissions on the part of the Garan Lucow Defendants which are or were beyond the scope of the legal services which they were retained to provide.

15. The claims asserted by the Plaintiffs are barred by virtue of the decision by Liberty Mutual Fire Insurance Company to enter into a voluntary agreement to settle the

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4142317.v1

Underlying Litigation with Swayer, after the attorney-client relationship with the Garan Lucow Defendants ended.

16. The Defendants respectfully reserve the right to assert additional affirmative defenses upon the completion of their further investigation and discovery.

WHEREFORE, the Garan Lucow Defendants respectfully request entry of a judgment of no cause of action on the Plaintiffs' claims, and such further relief as may be granted by this Court.

DATED: October 9, 2017

/s/ John R. Oostema
E. Thomas McCarthy, Jr. (P28714)
John R. Oostema (P26891)
Jeffrey S. Dornbos (P74514)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendants
100 Monroe Center NW
Grand Rapids, MI 49503-2802
616-774-8000

**GARAN LUCOW DEFENDANTS' RELIANCE ON PLAINTIFF'S JURY DEMAND**

The Garan Lucow Defendants, by and through their attorneys, Smith Haughey Rice & Roegge, hereby state their reliance upon the Demand for Jury Trial filed by Plaintiffs, and reserve the right to assert their own Demand for Jury Trial should that demand made on Plaintiffs' behalf be waived or otherwise lost to them.


DATED: October 9, 2017            /s/ John R. Oostema
                                  E. Thomas McCarthy, Jr. (P28714)
                                  John R. Oostema (P26891)
                                  Jeffrey S. Dornbos (P74514)
                                  SMITH HAUGHEY RICE & ROEGGE
                                  Attorneys for Defendants
                                  100 Monroe Center NW
                                  Grand Rapids, MI 49503-2802
                                  616-774-8000