UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY and LIBERTY MUTUAL
FIRE INSURANCE COMPANY,

                    Plaintiffs,           Case No.: 17-00120

v                                Honorable Janet T. Neff

GARAN LUCOW MILLER, PROFESSIONAL
CORPORATION, a Michigan professional
corporation, and M. SEAN FOSMIRE,
an individual,

                    Defendants.

_____/

| | |
|---|---|
| LENNON LAW PLLC | John R. Oostema (P26891) |
| Edward G. Lennon (P42278) | E. Thomas McCarthy, Jr. (P28714) |
| Attorney for Plaintiff | Jeffrey S. Dornbos (P74514) |
| 355 S. Old Woodward, Ste. 100 | SMITH HAUGHEY RICE & |
| Birmingham, MI 48009 | ROEGGE |
| (248) 723-1276 | Attorneys for Defendants |
| | 100 Monroe Center, N.W. |
| | Grand Rapids, MI 49503-2802 |
| | (616) 774-8000 |

_____/

## PLAINTIFFS' MOTION TO STAY PROCEEDINGS

      Plaintiffs, Liberty Mutual Insurance Company and Liberty
Mutual Fire Insurance Company (collectively "Liberty Mutual"), by and
through their attorneys, Lennon Law PLLC, pursuant to Local Rule
7.3, hereby move to stay proceedings in this matter.  In support of
this motion, Liberty Mutual states as follows:

1.    This is a legal malpractice case that arises out of Defendants' representation of Plaintiff in a no-fault matter that was litigated in Schoolcraft County (Michigan) state court. Liberty Mutual contends that, as a result of Defendants' legal malpractice, Liberty Mutual is now obligated to pay lifetime no-fault benefits to the plaintiff in the underlying action.

2.    Under the Michigan no-fault statutes, when an auto insurer pays no-fault benefits, if certain conditions are met, the insurer is entitled to reimbursement from the Michigan Catastrophic Claims Association ("MCCA") for any such no-fault benefits paid above a threshold amount. Given that the underlying no-fault lawsuit was based upon a 1992 auto accident, if Liberty Mutual obtains re-insurance from the MCCA, it is likely Liberty Mutual will be reimbursed for all no-fault benefits paid to the underlying plaintiff in excess of $250,000. MCL 500.3104(2)(a).

3.    Liberty Mutual is claiming as damages in this case any no-fault benefits paid to the underlying plaintiff in excess of the MCCA threshold amount (believed to be $250,000), plus costs and attorney fees incurred in attempting to mitigate the damages caused by Defendants' legal malpractice.

4.     Liberty Mutual has recently been advised that there may be a potential for reimbursement from the MCCA in connection with the no-fault benefits paid to the underlying plaintiff, and Liberty Mutual has hired counsel to pursue a claim against the MCCA.  If Liberty Mutual is successful in pursuing reimbursement from the MCCA, that will substantially reduce the amount of damages claimed by Liberty Mutual in this legal malpractice case.

5.     As set forth in the attached brief, there exists authority under Michigan law for staying a legal malpractice lawsuit pending the resolution of the underlying proceedings.   See Gebhardt v. O'Rourke, 444 Mich. 535, 550-551; 510 N.W.2d 900 (1994).

6.     On April 17, 2018, counsel for Liberty Mutual conducted a telephone conference with counsel for Defendants, and counsel for Liberty Mutual inquired as to whether Defendants would stipulate to a stay of proceedings in this matter.  To date, Defendants have taken no position regarding any potential stay.

Wherefore, for the above reasons and those reasons set forth in the attached brief, Plaintiffs request that this Court enter an order staying all proceedings in this matter until Plaintiffs have exhausted their attempts to obtain reimbursement from the Michigan Catastrophic Claims Association for the no-fault benefits paid as a result of the underlying litigation.

Respectfully submitted,

LENNON LAW PLLC

/s/Edward G. Lennon
Edward G. Lennon (P42278)
Attorney for Plaintiffs
355 S. Old Woodward, Ste. 100
Birmingham, MI 48009
(248) 723-1276
elennon@lennonlawpllc.com

Dated: June 26, 2018

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY and LIBERTY MUTUAL
FIRE INSURANCE COMPANY,

                Plaintiffs,             Case No.: 17-00120
v                                   Honorable Janet T. Neff

GARAN LUCOW MILLER, PROFESSIONAL
CORPORATION, a Michigan professional
corporation, and M. SEAN FOSMIRE,
an individual,

                Defendants.
_____/

| | |
|---|---|
| LENNON LAW PLLC | John R. Oostema (P26891) |
| Edward G. Lennon (P42278) | E. Thomas McCarthy, Jr. (P28714) |
| Attorney for Plaintiff | Jeffrey S. Dornbos (P74514) |
| 355 S. Old Woodward, Ste. 100 | SMITH HAUGHEY RICE & |
| Birmingham, MI 48009 | ROEGGE |
| (248) 723-1276 | Attorneys for Defendants |
| | 100 Monroe Center, N.W. |
| | Grand Rapids, MI 49503-2802 |
| | (616) 774-8000 |

_____/

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STAY
PROCEEDINGS**

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

Should this Court stay proceedings in this matter until Plaintiffs have exhausted their remedies in an effort to mitigate the damages claimed in this legal malpractice case?

## INTRODUCTION

This is a legal malpractice case that arises out of Defendants' representation of Plaintiff in a no-fault matter that was litigated in Schoolcraft County (Michigan) state court.  Plaintiffs (collectively, "Liberty Mutual") contend that, as a result of Defendants' legal malpractice, Liberty Mutual is now obligated to pay lifetime no-fault benefits to the plaintiff in the underlying action.

Under the Michigan no-fault statutes, when an auto insurer pays no-fault benefits, if certain conditions are met, the insurer is entitled to reimbursement from the Michigan Catastrophic Claims Association ("MCCA") for any such no-fault benefits paid above a threshold amount.  Given that the underlying no-fault lawsuit was based upon a 1992 auto accident, if Liberty Mutual obtains re-insurance from the MCCA, it is likely Liberty Mutual will be reimbursed for all no-fault benefits paid to the underlying plaintiff in excess of $250,000.  MCL 500.3104(2)(a).

Liberty Mutual is claiming as damages in this case any no-fault benefits paid to the underlying plaintiff in excess of the MCCA threshold amount (believed to be $250,000), plus costs and attorney

fees incurred in attempting to mitigate the damages caused by Defendants' legal malpractice.

Liberty Mutual has recently been advised that there may be a potential for reimbursement from the MCCA in connection with the no-fault benefits paid to the underlying plaintiff, and Liberty Mutual has hired counsel to pursue a claim against the MCCA. If Liberty Mutual is successful in pursuing reimbursement from the MCCA, that will substantially reduce the amount of damages claimed by Liberty Mutual in this legal malpractice case.

## **ARGUMENT**

## **I.     Under Michigan case law, a Court may stay proceedings in a legal malpractice matter pending the resolution of the underlying proceedings.**

Under Michigan law, the statute of limitations applicable to legal malpractice actions is the two-year period contained in MCL 600.5805(6).   Sam v. Balardo, 411 Mich. 405; 308 N.W.2d 142 (1981).  A claim against an attorney "accrues at the time that attorney discontinues serving the plaintiff in a professional … capacity as to the matters out of which the claim for malpractice arose…"  MCL 600.5838(1).  A lawyer discontinues serving a client when relieved of the obligation by the client or the court.  See Stroud v. Ward, 169

Mich. 1, 6; 425 N.W.2d 490 (1988), or upon completion of a specific legal service that the lawyer was retained to perform.  <u>Chapman</u> v. <u>Sullivan</u>, 161 Mich. App. 558, 561-562; 411 N.W.2d 754 (1987).

Unlike in other tort cases, the accrual of a legal malpractice claim is based upon termination of the relationship between the lawyer and the plaintiff, and it is not based upon the occurrence/finality of all elements of the tort claim.  The result is that legal malpractice claims may accrue before the legal malpractice plaintiff's damages are fixed or finalized.  Accordingly, the Michigan State Supreme Court recognizes that the nature of the accrual of the legal malpractice action requires plaintiffs to sometimes file legal malpractice suits before damages are finalized.

In <u>Gebhardt v. O'Rourke</u>, 444 Mich. 535; 510 N.W.2d 900 (1994), the Michigan Supreme Court addressed this issue in the context of a legal malpractice claims arising out of the defendants' representation of the plaintiff in an underlying criminal matter. Addressing what may happen when a plaintiff has brought a legal malpractice claim while at the same time pursuing post-conviction relief in the underlying criminal proceeding (which, of course, would

determine damages in the legal malpractice case), the Supreme Court stated:

> With his claim preserved, he can and should seek a stay in the civil suit until the criminal case is resolved.  The trial court handling the civil suit would have discretion regarding whether the stay would continue until judgment in the criminal matter is final or, if after the initial judgment on post conviction relief, justice would permit going forward with the civil suit while the appeal process in the criminal matter continues until final determination.  Id. at 551.

Here, if Liberty Mutual is successful in pursuing reimbursement from the MCCA, that will substantially reduce the amount of damages claimed by Liberty Mutual in this legal malpractice case.  Based on Gebhardt, this Court may stay this legal malpractice case pending the exhaustion of Liberty Mutual's efforts to mitigate the damages caused by Defendants' legal malpractice.

## **CONCLUSION**

Plaintiffs request that this Court enter an order staying all proceedings in this matter until Plaintiffs have exhausted their attempts to obtain reimbursement from the Michigan Catastrophic Claims Association in connection with the no-fault benefits paid as a result of the underlying litigation.

Respectfully submitted,

LENNON LAW PLLC

/s/Edward G. Lennon
Edward G. Lennon (P42278)
Attorney for Plaintiffs
355 S. Old Woodward, Ste. 100
Birmingham, MI 48009
(248) 723-1276
elennon@lennonlawpllc.com

Dated: June 26, 2018

**Proof of Service**

I certify that on June 26, 2018, I electronically filed the
foregoing paper with the Clerk of the Court using the ECF
system which will send notification of such filing to all
attorneys of record herein at their respective addresses as
disclosed on the pleadings, and I hereby certify that I have
mailed by United States Postal Service the paper to the
following non-ECF participants:

Signature: /s/Catherine A. Conti
        Catherine A. Conti
        355 S. Old Woodward, Ste. 100
        Birmingham, MI 48009
        (248) 723-1276
        cconti@lennonlawpllc.com