IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

LIBERTY MUTUAL INSURANCE COMPANY and
LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Plaintiffs,

v.

GARAN LUCOW MILLER, PROFESSIONAL
CORPORATION, a Michigan professional corporation,
and M. SEAN FOSMIRE, an individual,

    Defendants.

CASE NO. 2:17-CV-00120-JTN-TPG

HON. JANET T. NEFF

---

| | |
|---|---|
| Edward G. Lennon (P42278)<br>LENNON LAW, PLLC<br>Attorney for Plaintiffs<br>355 S. Old Woodward, Ste. 100<br>Birmingham, MI 48009<br>248-723-1276 | John R. Oostema (P26891)<br>E. Thomas McCarthy, Jr. (P28714)<br>Michael D. Wiese (P78353)<br>SMITH HAUGHEY RICE & ROEGGE<br>Attorneys for Defendants<br>100 Monroe Center NW<br>Grand Rapids, MI 49503-2802<br>616-774-8000 |

---

## Defendants' Brief in Support of Second Rule 37 Motion to Compel Discovery Responses and Depositions

### *** Oral Argument Requested ***

---

                                        John R. Oostema (P26891)
                                        E. Thomas McCarthy, Jr. (P28714)
                                        Michael D. Wiese (P78353)
                                        SMITH HAUGHEY RICE & ROEGGE
DATED: May 21, 2019                 Attorneys for Defendants

## Introduction

This is a legal malpractice case. Plaintiffs Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company ("Liberty Mutual") have – for the second time – submitted responses to written discovery from Defendants Garan Lucow Miller and M. Sean Fosmire (the "Garan Lucow Defendants") that are largely evasive and nonresponsive. Further, since August 2018, the Garan Lucow Defendants have repeatedly requested deposition dates for a number of employees/representatives of Liberty Mutual, and those requests have been consistently ignored. The Garan Lucow Defendants file this motion to compel Liberty Mutual to (1) provide complete responses to Interrogatory Nos. 1, 2, 7, 8, and 9, and Request to Produce Nos. 1, 2, 7, 8, 9 and 17 within 10 days from the Order, (2) produce Christine Kearney (or her last known address), Janet Nolan, Toni Frain, Allison Kadi, Elizabeth Morahan, and James Crismali for depositions at mutually convenient times within 60 days from the date of the Order, and (3) produce a privilege log cataloguing, by bates number, all documents to which it asserts the attorney-client privilege or other rule of privilege extends.

## Relevant Factual Background

Liberty Mutual filed its Complaint on July 10, 2017 (ECF #1, Complaint) and thereafter in February 2018 voluntarily produced a number of documents. On August 24, 2018, the Garan Lucow Defendants dispatched their First Set of Combined Requests to Admit, Interrogatories, and Requests to Produce Directed to Liberty Mutual. Liberty Mutual responded on October 3, 2018 with woefully deficient answers. Liberty Mutual had also neglected to file its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The Garan Lucow Defendants were left with no option but to file a Rule 37 Motion to Compel Disclosures and Discovery Responses on November 27, 2018. (ECF #43).

Meanwhile, on November 6, 2018, Liberty Mutual filed a Motion for Leave to File First Amended Complaint. (ECD #33). The Amended Complaint Liberty Mutual sought to file significantly altered its

claims against the Garan Lucow Defendants. On December 20, 2018, the Court entered an Order that (1) granted Liberty Mutual's Motion for Leave to File First Amended Complaint and (ii) denied as moot the Garan Lucow Defendants' Rule 37 Motion to Compel Disclosures and Discovery Responses. (ECF #55). Liberty Mutual filed its First Amended Complaint on December 20, 2018 (ECF #56).[1]

Based on the new legal theories set forth in Liberty Mutual's First Amended Complaint, the Garan Lucow Defendants dispatched their Second Set of Requests for Admission, Interrogatories, and Requests to Produce Directed to Plaintiffs on January 29, 2019 ("Second Requests")(**Exhibit 1**). On March 11, 2019, Liberty Mutual answered the Requests for Admissions (**Exhibit 2**, Responses to Second Requests for Admissions) followed by its responses to the Interrogatories and Requests to Produce on April 17, 2019. (**Exhibit 3**, Responses to Second Interrogatories and Requests to Produce). As with the responses to the first set of discovery, however, these responses too were completely deficient.

Since August of 2018, the Garan Lucow Defendants have repeatedly requested deposition dates for a number of Liberty Mutual's current or former employees. Their requests have been largely ignored. Fact discovery is scheduled to conclude on August 31, 2019 (ECF #63), and – despite this case having been filed nearly two years ago – the Garan Lucow Defendants have only been permitted to take a single deposition and have yet to receive adequate responses to their written discovery. The Garan Lucow Defendants file this Motion under Fed. R. Civ. P. 37 to address the deficiencies in Liberty Mutual's responses and to order Liberty Mutual to produce the requested witnesses for depositions.[2]

---

[1] The Garan Lucow Defendants have filed Defendants' Rule 72 Objections to December 20, 2018 Order Granting Plaintiff's Motion for Leave to File First Amended Complaint, which argues that Liberty Mutual's First Amended Complaint is devoid of merit and futile. (ECF #59). That submission has yet to be ruled on.

[2] This is typical of Liberty Mutual, as its refusal to comply with state court orders regarding discovery in the underlying case resulted in sanctions, for which it seeks to recover against the Garan Lucow Defendants in this case. Here, just as in the underlying case, Liberty Mutual refuses to comply with its discovery obligations.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## Discussion

A.   **The Controlling Discovery Standards**

Under Rule 26(b)(1), parties are free to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In assessing proportionality, courts consider "[i] the importance of the issues at stake in the action, [ii] the amount in controversy, [iii] the parties' relative access to relevant information, [iv] the parties' resources, [v] the importance of the discovery in resolving the issues, and [vi] whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *Perrigo Co. & Subsidiaries v. United States*, 294 F. Supp. 3d 740, 745 (W.D. Mich. 2018).

Rule 26, of course, is to be liberally construed to permit discovery that is "quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 392 (6th Cir. 1998).[3] To obtain that broad discovery, a party may serve interrogatories, requests for admission, and requests to produce documents. *See*, Fed. R. Civ. P. 33, 34, and 36. Under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Moreover, where an answer is non-responsive, evasive, or incomplete, an order to compel is warranted. Fed. R. Civ. P. 37.[4]

B.   **Liberty Mutual Should be Required to Produce its Representatives for Depositions**

Since late summer 2018, counsel for the Garan Lucow Defendants has patiently and repeatedly requested deposition dates for a number of current or former Liberty Mutual employees. The Garan Lucow

---

[3] See also *State Farm Mutual Automobile Ins. Co. v. Warren Chiropractic & Rehab. Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. May 11, 2016) ("Rule 26 was amended in 2015 to include the 'proportionality' requirement. However, the 2015 amendments do not alter the basic tenet that Rule 26 is to be liberally construed to permit broad discovery.")

[4] If this motion is granted, or if the requested discovery is provided after the motion is filed, the court must, after providing an opportunity to be heard, require Liberty Mutual to pay Defendants' reasonable expenses incurred in making this motion, including attorney's fees. *See*, FRCP 37(a)(5); **Exhibit 17**, December 19, 2018 Hearing Transcript, p. 24, l. 16-23.

Defendants were able to take the deposition of one such former employee (Stan McLouth) on November 1, 2018, but that's it.  Requests for other depositions have been ignored or refused.  Specifically, defense counsel continues to seek the depositions of (i) Christine Kearney ("Kearney"), the first Liberty Mutual adjuster assigned to the underlying case, (ii) Janet Nolan ("Nolan"), a paralegal coordinator from Liberty Mutual's home office that was involved in critical aspects of claims handling efforts in the underlying *Swayer* case and in communications with Fosmire, (iii) Toni Frain ("Frain"), a claims litigation counsel at Liberty Mutual who was also directly involved in claims handling efforts regarding the underlying *Swayer* case and in communications with Fosmire, (iv) Allison Kadi ("Kadi"), a Senior No-Fault Examining & Quality Assurance Specialist for Liberty Mutual who was involved in various aspects of the underlying *Swayer* case, (v) Elizabeth Morahan ("Morahan"), who was also involved in those claims handling efforts, and (vi) James Crismali ("Crismali"), who has information regarding Liberty Mutual's financial exposure as a result of the underlying litigation.  The following summarizes the Garan Lucow Defendants' efforts to cooperatively work these issues out so far:

- August 29, 2018.  Defense counsel e-mailed Plaintiff's counsel to "start getting some depositions on the calendars soon before the year gets away from us," requesting deposition dates for Kearney, McLouth, Nolan, Frain, Kadi, and Morahan.  (**Exhibit 4**).[5]

- October 9, 2018.  Defense counsel reiterated the desire to line up the depositions of Kearney, McLouth, Nolan, Frain, Kadi and Morahan (preferably in that order), stating that "we need to get started with these depositions" and providing proposed dates for the same.  Plaintiff's counsel responded the next day suggesting a deposition date of November 1, 2018 for McLouth only.  (**Exhibit 5**).

- November 6, 2018.  Following the McLouth deposition, defense counsel again e-mailed Plaintiff's counsel, saying "[i]n follow up to our discussion at the deposition last Thursday, this confirms that I would like to take the depositions of" Frain, Nolan, Kearney, Idaspe, Morahan and Crismali "at the earlies possible time," with the goal of completing the depositions "by the end of the year and certainly before our next conference with Judge Greeley on January 14, 2019."  (**Exhibit 6**).

- November 14, 2018.  Defense counsel followed up again regarding scheduling depositions.

---

[5] Note that portions of the e-mails attached as Exhibits 4-16 which do not pertain to scheduling of the requested depositions have been redacted.

- (**Exhibit 7**).

- November 26-27, 2018. Counsel exchanged e-mails about setting the deposition for Crismali, only, which was agreed would happen during the week of December 17, 2018. That deposition never occurred. (**Exhibit 8**).

- January 11, 2019. Defense counsel followed up again requesting depositions of Frain, Nolan, Kearney, Idaspe, Morahan and Crismali. (**Exhibit 9**).

- January 28, 2019. Defense counsel again asked whether any progress was being made regarding securing deposition dates for Frain, Nolan, Kearney, Idaspe, Morahan and Crismali. (**Exhibit 10**).

- February 5, 2019. Plaintiff's counsel responded to the January 28, 2019 e-mail, indicating that he has been unsuccessful in locating Kearney and indicating that Idaspe was deceased. He offered to secure a date for Crismali's deposition, but questioned why the Garan Lucow Defendants would even want to depose Frain, Nolan, and Morahan. (**Exhibit 11**).

- February 20, 2019. Defense counsel reiterated the intent to take the depositions of Frain, Nolan, Kearney, and Morahan in addition to Crismali. (**Exhibit 12**).

- February 22, 2019. Plaintiff's counsel agreed to produce Crismali for a deposition, proposing dates in March or April 2019, but challenged the request to depose Frain, Morahan, and Nolan, indicating his intent to seek a protective order to stop those depositions. Defense counsel responded that day, explaining why those witnesses were relevant. (**Exhibit 13**).

- March 1, 2019. Defense counsel agreed upon a date for the deposition of Crismali, and again requested the depositions of Frain, Morahan and Nolan. (**Exhibit 14**).

- March 8, 2019. Defense counsel followed up as Plaintiff's counsel had not confirmed the Crismali deposition. (**Exhibit 15**).

- March 11, 2019. Plaintiff's counsel indicated that he was no longer available for the scheduled Crismani deposition. (**Exhibit 16**).

Liberty Mutual's Amended Complaint changed their theory of the case against the Garan Lucow Defendants. Now, they claim that the Garan Lucow Defendants failed to raise a statute of limitations defense in the underlying litigation, and specifically (i) failed to tell them that *Swayer* had the burden of proof, (ii) failed to conduct adequate discovery to determine whether *Swayer* could meet his burden, (iii) failed to take steps to defeat the underlying PIP claim on that basis, (iv) waived the statute defense by stipulating to the sanction order entered in the underlying litigation, and (v) exposed Liberty Mutual to

sanctions by disclosing the Case Evaluation Award in post-trial Briefs. Contrary to what Liberty Mutual claims, there was no viable statute defense and the discovery sanctions at the core of its case were not entered because the Garan Lucow Defendants did something wrong, but instead because Liberty Mutual refused to produce what it had and left its defense counsel in the dark until the "eve" of the sanctions hearing in the *Swayer* case. All of these witnesses have knowledge about the handling of the Swayer case and the decisions that were made about how to address Swayer's sanction request. The Court should enter an Order requiring Liberty Mutual to produce Christine Kearney (or provide information about her last known ddress), Janet Nolan, Toni Frain, Allison Kadi, Elizabeth Morahan, and James Crismali for depositions at mutually convenient times within 60 days from the date of the Order.

C. **Liberty Mutual Should be Required to Provide Complete Responses to the Garan Lucow Defendants' Interrogatories and Requests to Produce**

Liberty Mutual should also be ordered to better answer the Garan Lucow Defendants' written discovery.

**Interrogatory No. 1 and Request to Produce No. 1**

The predicate for Interrogatory No. 1 is Liberty Mutual's response to Request to Admit No. 4, which asked Liberty Mutual to "admit that Sean Fosmire recommended that [Liberty] accept the Case Evaluation Award in the Underlying Litigation." (**Exhibit 2**, p. 2). Liberty Mutual did not admit or deny that Request. Instead, it objected on relevance grounds, arguing that, because of the "claims asserted in the First Amended Complaint, this request [sought] information which [was] irrelevant to the claims and defenses in this case." (*Id*.).

Interrogatory No. 1 is simple and straight forward -- "If you did not admit Request to Admit No. 4, explain why you answered the way you did and identify those of your current or former employees who have knowledge about that subject." (**Exhibit 3**, p. 1). Despite the fact that Liberty Mutual "did not admit" Request to Admit No. 4, it responded, "Not applicable." (*Id*.). Request to Produce No. 1 seeks production

of documents "that reference exchanges with Mr. Fosmire regarding the Case Evaluation in the Underlying Ligation." Liberty Mutual likewise responded, "Not applicable." (**Exhibit 3**, p. 2). However, Liberty Mutual objected to Request to Admit No. 4 as irrelevant, and thus failed to admit it. Accordingly, Liberty Mutual should be required to supplement its response to Interrogatory No. 1 and Request to Produce No. 1 to provide the requested information and identify responsive documents. The information and documents requested are clearly relevant to its claims and/or Garan Lucow's defenses.

### Interrogatory No. 2 and Request to Produce No. 2

The predicate for Interrogatory No. 1 is Liberty Mutual's response to Request to Admit No. 5, which asked Liberty Mutual to "admit that [Liberty] [was] entitled to reimbursement from Michigan Catastrophic Claims Association ("MCCA") for the first-party, no-fault benefits [it] paid on Swayer's behalf as a result of the Accident." Liberty Mutual responded to that Request as follows:

> Plaintiffs object to this request, as the term "entitled' is vague and ambiguous and susceptible to varying interpretations. Plaintiffs are making a claim for reimbursement from the MCCA. (**Exhibit 2**, p. 2).

If Liberty Mutual chose not to admit that Request, Interrogatory No. 2 asked it to (i) explain why they answered the way they did, (ii) why they [weren't] entitled to reimbursement from the MCCA, and (iii) [to] identify current or former employees with knowledge regarding various categories of information relating to Liberty Mutual's interactions with the MCCA. Liberty Mutual objected on the grounds that the Interrogatory (i) was vague and ambiguous and (ii) sought attorney-client privileged communications, but indicated they "w[ould] produce non-privileged responsive documents." (**Exhibit 3**, p. 2). The answer does not include any responsive information whatsoever or identify any of the referenced "non-privileged responsive documents." (*Id*.). Request to Produce No. 2 sought the production of documents related to Liberty Mutual's answer to Interrogatory No. 2. Again, they cited the attorney-client privilege and indicated they "w[ould] produce non-privileged responsive documents." (*Id*.). But no documents have been produced or identified. Moreover, though Liberty Mutual has claimed attorney-client privilege, it has not

provided a privilege log cataloguing the specific documents, by bates number, to which it claims the privilege applies.

Liberty Mutual should be required to provide responsive information to Interrogatory No. 2 and responsive documents to Request to Produce No. 2.

**Interrogatory Nos. 7, 8 and Request to Produce Nos. 7, 8**

1.  **The Discovery Rules and Interrogatory Nos. 7, 8 and Request to Produce No. 7, 8**

Fed. R. Civ. P. 33(d), entitled "Option to Produce Business Records," provides in part (with added emphasis) as follows:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by
>
> (1) <u>specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them</u> as readily as the responding party could…

Further, Fed. R. Civ. P. 34(b)(2)(E)(i) provides that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

Under Rule 34, a general reference to produced documents without a road map to those which are responsive -- even if the universe of documents is as small as "120 pages of documents" -- does not "comply with the spirit of Rule 34" in that such responses do not "distinguish among the documents in a meaningful way that would allow the requesting party to determine which of the documents [are] responsive to the specific request and why they [are] considered responsive." *Dino Drop, Inc. v. Chase Bar & Grill*, No. 09-10759, 2010 WL 11542009, at *5 (E.D. Mich. July 30, 2010). Here, Liberty has fallen far short of the spirit of Rule 34 in responding to Interrogatory Nos. 7, 8 and Request to Produce Nos. 7, 8 with repeated references to previously produced documents without any effort to identify by bates number those that are in fact responsive. Their responses, as explained below, do not come close to meeting the requirements of

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4588343.v1

the Rule.[6]

At the Garan Lucow Defendants' last Motion to Compel, their counsel expressed concern about Liberty Mutual's anticipated responses to discovery requests, and specifically that they would simply refer to a universe of over 30,000 pages of documents as being the home of responsive information and/or documents without taking any steps to specifically identify which documents contained within that universe were responsive (which they did). The Court addressed that concern with this admonition:

> I'm going to encourage you to provide them – if you're dumping 30 or 40,000 pages of documents on the defendant in response to discovery requests I'm going to encourage you to provide them with a road map for those documents. If I am required to face another discovery motion down the road I am likely to award fees if I find one party has not adhered to their obligations under the rules.

(**Exhibit 17**, December 19, 2018 Hearing Transcript, p. 24, l. 16-23). Despite the Court's warning, Liberty Mutual did exactly that in response to Interrogatory Nos. 7 and 8, and Request to Produce Nos. 7 and 8.

### 2. Interrogatory No. 7

Interrogatory No. 7 asked Liberty Mutual to identify every former or current employee "who investigated the defenses to Swayer's claims in the Underlying Litigation," and "those other of [Plaintiffs'] current or former employees who had contact with the Underlying Litigation (but may not have had direct contact with the [Garan Lucow] Defendants) after January 1, 2012." (**Exhibit 3**, p. 4). In response to each of those specific inquiries, Plaintiffs responded by stating "[p]ursuant to Fed. R. Civ. P. 33(d), see documents previously produced to Defendants." (*Id*.). The Interrogatory asked for names. Liberty Mutual

---

[6] Merely saying that responsive documents are somewhere in a prior production is not enough. Courts have the authority to order producing parties under circumstances like that to identify by bates numbers which documents in a prior production are responsive to which discovery request. *Reese v. CNH Am., L.L.C.,* 2014 WL 354254, *3 (E.D. Mich. Jan. 31, 2014) ("'[T]he Court directs Defendants to make a particularized list showing which Bates-numbered pages are responsive to which specific discovery request.'"); *MSC.Software Corp. v. Altair Eng'g, Inc.*, 2008 WL 5381864, at *3-4 (E.D. Mich. Dec. 22, 2008) (same); *Fuertes v. Landry*, 2012 WL 13027327, at *2 (W.D. Ky. May 2, 2012) ("Merely responding to a specific document request with the assertion that a party has produced all records is not sufficient under Rule 34").

should be compelled to provide them. Simply referring the Garan Lucow Defendants to a 30,000 page universe is completely inadequate. They should be compelled to do more.

    **3.**    <u>**Request to Produce No. 7**</u>

Request to Produce No. 7 asked Liberty Mutual to produce (i) specific internal exchanges at Liberty Mutual and (ii) specific exchanges with the Garan Lucow Defendants regarding certain specific topics. Instead of identifying or producing responsive documents, Liberty Mutual Responded as follows:

> To that [sic] extent that this request seeks to have Plaintiffs do Defendants' work by identifying documents already produced to Defendants, Plaintiffs object to this request. Consistent with Fed. R. Civ. P. 34(b)(2)(E)(i), Plaintiffs have already produced these documents as they are kept in the usual course of business. (**Exhibit 3**, p. 5).

Respectfully, that is not enough. Parties can't avoid their responsibilities by just referring the other party to a large universe of documents. Case law won't permit that.

    **4.**    <u>**Interrogatory No. 8 and Request to Produce No. 8**</u>

Interrogatory No. 8 asked Liberty Mutual to "identify every former or current employee involved in addressing Swayer's request for the imposition of discovery sanctions in the Underlying Litigation." Request to Produce No. 8 sought the production of every internal exchange, record, and exchange with the Garan Lucow Defendants regarding Swayer's request for sanctions in the underlying litigation. (**Exhibit 3**, p. 5). In response to each of those requests, Liberty Mutual stated, "[p]ursuant to Fed. R. Civ. P. 33(d), see documents previously produced to Defendants." (*Id*.).

The responses to Interrogatory Nos. 7, 8 and Request to Produce Nos. 7, 8 do nothing to answer the inquiries posed. Those requests are directly relevant to Liberty Mutual's claims and the Garan Lucow Defendants' defenses to those claims. They were asked about names -- they didn't provide any. They were asked to identify by bates number or produce documents—they didn't do that either. That can't possibly be sufficient under the Rules (or this Court's admonitions). Liberty Mutual should be compelled to do

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

better.

### Interrogatory No. 9 and Request to Produce No. 9

Interrogatory No. 9 sought names of "every current or former employee involved in determining whether" Swayer was "entitled to first-party, no-fault benefits." Request to Produce No. 9 requested documents reflecting Liberty Mutual's efforts to evaluate whether Swayer was entitled to receive such benefits. (**Exhibit 3**, p. 5). In response to both, Liberty Mutual referred the Garan Lucow Defendants to its response to Interrogatory No. 7(i) and (ii), where it stated, "Plaintiffs relied on Defendants to advise Plaintiffs and to whether no-fault benefits were owed to Swayer and did no independent 'investigation,' including no independent 'investigation' of defenses to Swayer's claim in the Underlying Litigation." Simply saying that Liberty Mutual relied on the Garan Lucow Defendants in the underlying litigation does nothing to (1) identify employees involved in the determination of benefits or (2) identify or produce related documents. Accordingly, Liberty Mutual should be ordered to supplement its responses to Interrogatory No. 9 and Request to Produce No. 9.

### Request to Produce No. 17

Request to Produce No. 17 asked Liberty Mutual to "produce a copy of every exchange with and claim for reimbursement submitted to the MCCA." (**Exhibit 3**, p. 7). In response, Liberty Mutual referred the Garan Lucow Defendants to its response to Request to Produce No. 2, a response which – as outlined above – was itself nonresponsive. Accordingly, Liberty Mutual should be required to answer this Request to Produce.

### Relief Requested

Liberty Mutual's stall tactics have gone on long enough. The Court should enter an Order requiring Liberty Mutual to

1. Provide complete, substantive responses to Interrogatory Nos. 1, 2, 6, 7, 8 and 9, and Request to Produce Nos. 1, 2, 7, 8, 9 and 17 within 10 days from the Order;

-11-

2. Produce Christine Kearney (or her last known address), Janet Nolan, Toni Frain, Allison Kadi, Elizabeth Morahan, and James Crismali for depositions at mutually convenient times within 60 days from the date of the Order;

3. Produce a privilege log identifying, by bates number, all documents to which it claims the attorney-client privilege and/or other rule of privilege extends; and

4. Pay the Garan Lucow Defendants costs and attorney fees incurred in pursuing this Motion, as contemplated by Fed. R. Civ. P. 37(a)(5) and discussed by the Court at the December 19, 2018 hearing.

The Garan Lucow Defendants further request any other relief the Court deems appropriate under the circumstances.

DATED: May 21, 2019

/s/ Michael D. Wiese
John R. Oostema (P26891)
E. Thomas McCarthy, Jr. (P28714)
Michael D. Wiese (P78353)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendants
100 Monroe Center NW
Grand Rapids, MI 49503-2802
616-774-8000